431 A.2d 265

COMMONWEALTH of Pennsylvania

v.

James L. SMITH, Appellant.

Supreme Court of Pennsylvania.

Submitted March 2, 1981.

Decided July 2, 1981.

Richard H. Lindner, Uniontown, for appellant.

Gerald R. Solomon, Dist. Atty., Uniontown, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, and WILKINSON, JJ.

 

## OPINION OF THE COURT

WILKINSON, Justice.

This is an appeal from an order of the Court of Common Pleas of Fayette County after a hearing, dismissing appellant's Post Conviction Hearing Act (PCHA) petition.

Appellant was charged, along with three codefendants, with two counts of criminal homicide. After his separate trial appellant was convicted by a jury of murder of the first degree and murder of the third degree. This Court affirmed the judgments of sentence. *Commonwealth v. Smith*, 480 Pa. 524, 391 A.2d 1009 (1978). The facts were set forth by Mr. Justice Nix in *Smith, id.*, 480 Pa. at 527, 391 A.2d at 1010.

On December 15, 1974 Fant, Rodgers and Collins were at a nightclub from which Fant was ejected as a result of an altercation at the bar. Thereafter a scuffle broke out in the parking lot and Bruce Fisher, the nightclub owner, sprayed mace into the group to restore order. As Fant, Rodgers and Collins were leaving they announced they would return. Shortly thereafter these three, accompanied by appellant, returned to the parking lot. Fant was carrying a rifle and appellant a hand gun. Fant yelled, "Who do I shoot?" to the persons in the parking lot, and the four men entered the nightclub through the front door. Once inside, appellant asked, "Which one is Bruce, where is Bruce?" Bruce Fisher approached the group and appellant said to him, "What are you doing beating on my brother?" Fisher was then struck on the head with a beer bottle by Rodgers. According to the uncontradicted testimony of one witness, during this time the appellant was waving his pistol around as if to cover Fant, who was holding the rifle.

As Fisher turned and walked away from the group, Fant brought his rifle up to waist level and fired, striking Fisher in the back and killing him almost instantly. Fant fired several other shots, one of which struck and killed John Shlosky, a patron, in the rear of the bar. As Fant was firing his rifle, appellant who stood beside him, fired

his revolver several times in the nightclub, not hitting either Fisher or Shlosky. One or two other patrons of the lounge were injured by gunfire. A .38 caliber revolver slug was found waist high in the side wall panelling of the lounge.

The original PCHA petition and an amended petition raised numerous questions, only two of which were pursued at the PCHA hearing. Those two questions are again raised in this appeal and shall be addressed hereinafter. By means of a pro se supplemental brief filed more than three weeks after the PCHA hearing, appellant additionally contends that he was denied effective assistance of counsel in that his trial counsel failed to probe, develop and present evidence of appellant's alleged intoxication at the time of the incident. Not only is this argument deflated by appellant's statement that he told his trial counsel not that he was drunk but only that he had been drinking, it would also appear to have been waived.

■ Appellant alleges ineffective assistance of counsel in that his trial counsel failed to properly investigate and call on behalf of appellant a person who allegedly told appellant, while both were incarcerated, that he was at the nightclub on the night of the shooting and observed one of the victims with a handgun in his possession. At the PCHA hearing the two public defenders who handled appellant's case testified that the man was interviewed, that they could not recall the man giving any information they felt would have been useful, and that had the man made a statement that he saw one victim with a handgun they would have used the man's testimony. The conclusion must be that any alleged failure to act had a reasonable basis.

■ Appellant also alleges ineffective assistance of counsel in that his appellate counsel failed to raise on direct appeal the trial court's denial of a defense motion for sequestration of witnesses. Appellant was not the subject of any pretrial identification between the time of his arrest and the time of trial. However, it appears from the parties'

briefs and the PCHA hearing transcript that one or perhaps two witnesses acquainted with appellant prior to the shooting incident testified at the preliminary hearing and at trial on the issue of identification. Thus, this case is distinguished from *Commonwealth v. Fant*, 480 Pa. 586, 391 A.2d 1040 (1978), *cert. denied*, 441 U.S. 951, 99 S.Ct. 2180, 60 L.Ed.2d 1056 (1979) where there was no witness to identification other than in the courtroom at the time of trial.

Order affirmed.